SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

CONVENTUS, LLC,

                  Plaintiff,

       vs.

SETH LEVINE, *et al.,*

                  Defendants.

-------------------------------------------------------- x

Civil Action No. 19-cv-18137 (MCA)(LDW)

### ORDER SETTING FORTH
### SALE PROCEDURES

      **THIS MATTER** having been opened to the Court by counsel for the plaintiffs in the following actions: (i) *OREC NJ, LLC v. Levine, et al.*, Civil Action No. 19-cv-17421-MCA-LDW, (ii) *Wells Fargo Bank, National Association v. Levine, et al.*, 19-cv-17866-MCA-LDW, (iii) *U.S. Bank National Association v. Englewood Funding, LLC, et al.*, 19-cv-17865-MCA-LDW, (iv) *JLS Equities LLC v. River Funding, LLC, et al.*, 19-cv-17615-MCA-LDW, (v) *Privcap Funding, LLC v. Levine, et al.*, 19-cv-18122-MCA-LDW, and (vi) *Conventus, LLC v. Levine, et al.*, 19-cv-18137-MCA-LDW (the "**Actions**"), and Sills Cummis & Gross P.C., in its capacity as counsel for the court-appointed receiver in the Actions (the "**Receiver**"), for an Order setting forth the procedures for the property owners (collectively, the "**Property Owners**" and individually, the "**Property Owner**") identified as defendants in the Actions and/or the Receiver (collectively, the "**Seller**") to

sell the subject properties that are identified in Exhibit A attached hereof (collectively, the "**Properties**" and individually, the "**Property**"); and any objections to entry of this Order that were filed having been addressed by the Court; and the Court having considered the papers submitted in connection with this application, and having heard the arguments of counsel, if any; and for good cause shown;

 **IT IS** on this __29th__ day of __May__, 2020,

 **ORDERED** as follows:

 1. The Seller is hereby authorized to execute non-binding contracts (each a "**Non-Binding Contract**") for the sale of one or more of the Properties. Each Non-Binding Contract executed by the Seller shall contain a provision (the "**Disclaimer**") that the purchaser or other counter-party thereto shall not have any legally enforceable rights, claims or causes of action against the seller counter-party thereunder unless and until such Non-Binding Contract has been the subject of an final, non-appealable Approval Order (as herein defined) entered by this Court in accordance with the procedures set forth herein.

 2. Within three (3) business days of execution of a Non-Binding Contract, the proponent of the sale shall serve a copy of the Non-Binding Contract upon (i) the Property Owner(s), c/o Seth Levine, 636 South Forest Drive, Teaneck, New Jersey, with a copy to Jacob Kaplan, Esq., Brafman & Associates, P.C., 767 Third Avenue, 26th Floor, New York, New York 10017, Email: jkaplan@braflaw.com, (ii) Sills Cummis & Gross P.C. on behalf of the Receiver, (iii) the attorneys for the affected first mortgagee(s), (iv) those persons who have appeared in the Action(s) relating to the subject Property(s), and (v) those persons purporting to hold secured debt or otherwise to have an interest in the subject Property(s), including any mezzanine lenders

(collectively, the "**Parties**" and individually, a "**Party**"), via e-mail (or first class mail, if e-mail is not possible).

3.      Within three (3) business days thereafter, the proponent of the sale shall file proof of service of the Non-Binding Contract on the Parties.  The proponent of the sale shall serve the Parties with any and all proposed amendments, modifications and addenda to the Non-Binding Contract (which shall contain the Disclaimer provided for in paragraph 1 above) within three (3) business days after execution thereof, and shall file proof of service of any and all proposed amendments, modifications and addenda to the Non-Binding Contract originally served on the Parties.

4.      Upon the request of a Party, the proponent of a sale shall furnish, within seven (7) calendar days of the receipt of such request, information concerning the proposed purchaser and the transaction as the Party requests, including but not limited to information that would reasonably allow a Party to make a determination as to the proposed purchaser's financial wherewithal and other capabilities to close the transaction and the likelihood that any contingencies contained in the Non-Binding Contract can reasonably be satisfied.  Such information shall include the following information to the extent it can be obtained from the proposed purchaser: (i) confirmation whether the proposed purchase is all cash or is contingent upon financing; (ii) if financing is required, the name of the anticipated bank/lender; (iii) proof of funds sufficient to close; and (iv) information concerning the party(s) tendering the purchase offer, including a list of principals.

5.      Within thirty (30) calendar days of service of the Non-Binding Contract, the first mortgagee(s) and any other secured creditors with respect to the Property(s) that is/are the subject matter of such Non-Binding Contract (including any mezzanine lenders) shall provide payoff

statements to the Property Owner(s) c/o Seth Levine, 636 South Forest Drive, Teaneck, New Jersey, with a copy to Jacob Kaplan, Esq., Brafman & Associates, P.C., 767 Third Avenue, 26th Floor, New York, New York 10017, Email: jkaplan@braflaw.com, and Sills Cummis & Gross P.C. on behalf of the Receiver, via e-mail (or first class mail, if e-mail is not possible). The payoff statements shall include per diem interest and a detailed breakdown of the amounts claimed to be due. Additionally, the Receiver shall within such period provide a payoff statement setting forth all sums due to the Receiver in connection with the Property(s). The Property Owners and any Party holding secured debt or otherwise having an interest in the subject Property(s) shall be entitled to request and receive copies of such payoff statements.

6.  Within five (5) calendar days following receipt of all payoff statements, the Seller shall confirm in writing to the Property Owner(s) and any Party holding secured debt or otherwise having an interest in the subject Property(s) whether it agrees to pay the full sum demanded in the first mortgagee's payoff statement and all sums due to the Receiver in good funds at closing, without deduction or offsets of any kind. In addition, the Seller shall within such five-day period advise such parties whether it agrees to pay any other secured creditors the full sum demanded in their payoff statements in good funds at closing, without deduction or offsets of any kind.

7.  In the event the Seller agrees to pay in full all sums demanded by the first mortgagee, any other secured creditors and the Receiver, the Seller may make a motion on no less than twenty-four (24) days' notice to the Parties for approval of the sale (a "**Sale Approval Motion**"). Each Sale Approval Motion shall include a proposed distribution schedule for all sale proceeds, reflecting that the Seller shall pay the full sum demanded in the payoff statements provided by the first mortgagee(s) and any other secured creditors, together with all sums due to the Receiver, in good funds at closing, without deduction or offsets of any kind.

8.      Any objections to a Sale Approval Motion shall be made in accordance with the applicable rules of the Court.  Any disputes regarding the proposed distribution schedule shall be resolved insofar as possible in connection with the Court's consideration of a Sale Approval Motion.  To the extent any bona fide disputes with respect to the validity, extent or priority of a secured claim cannot be so resolved, the Court may require the escrow of any disputed secured claim amounts; provided, however, that the Court shall not approve the proposed sale or require the escrow of any disputed secured claim amounts without the consent of any secured creditor that is not being paid in full.

9.      If the Court approves the sale, the approval order (an **"Approval Order"**) shall state the manner in which the sale proceeds are to be distributed or, as applicable, escrowed.  In addition, any Approval Order shall set forth the terms, conditions and limitations under which the Seller shall be authorized to sign any and all closing documents necessary to convey title to the subject Property(s).  The Approval Order shall further require that the Receiver be contacted forty-eight (48) hours prior to closing to ensure that any supplemental expenditures made by the Receiver and any other sums due to the Receiver with respect to the subject Property(s), as well as any protective advances made by any Party, are satisfied at closing, without deduction or offsets of any kind.

10.      At closing, to the extent existing and in its possession or reasonable control, the Receiver shall turn over to the purchaser copies of the following for each Property, without representation or warranty of any kind: (i) existing surveys and maps, (ii) leases, amendments, and subleases, (iii) a certified rent roll, (iv) all approvals, applications, and communications to and from government agencies, boards, or bodies with respect to the Property, (v) a Schedule of Operating Expenses, (vi) copies of active vendor contracts, and (vii) a current tax bill.

11.     If, pursuant to an Approval Order, sale proceeds are escrowed by reason of any unresolved disputes, any party claiming an interest in such escrowed proceeds shall make a motion on notice to the Parties within thirty (30) calendar days following the closing of title seeking direction from the Court regarding the distribution of escrowed funds.  Any Party claiming an interest in the escrowed funds may respond to the motion in accordance with the applicable Court rules.

12.     Any surplus funds in excess of amounts needed to pay (i) all secured claims relating to such Property(s), (ii) any sums due to the Receiver, and (iii) normal closing costs (including reasonable attorneys' fees), shall be escrowed pending further order of the Court.  In no event shall the original Property Owner(s) and/or Seth Levine receive surplus funds absent further order of the Court.

13.     In the event that any person or entity, including but not limited to a Party, the respective Property Owner(s) and/or the Receiver, attempts to obtain Court approval of a sale with respect to any Property(s) without abiding by the terms and conditions of this Order, any Party or interest holder shall be deemed to have reserved, and not released, waived or impaired, any and all of its rights to object to such sale, and the entry of this Order and the terms thereof shall not be cited, referred to or relied upon as the basis for a finding that such Party has waived any of its rights or claims.

14.     The terms of this Order are not intended (i) to apply to any foreclosure action instituted by a first mortgagee or other secured creditor or (ii) to interfere with, or place limits or conditions upon, the foreclosure of any properties by first mortgagees or other secured creditors. Additionally, the terms of this Order shall not prevent the Parties from seeking approval of a sale pursuant to state law in a pending foreclosure action.  State court approval of such a sale shall be

6

deemed to satisfy the requirement set forth in this Court's Amended Preliminary Injunction and

Receivership Order dated December 4, 2019 that Court approval be obtained for any sale.

_____

HON. LEDA DUNN WETTRE, U.S.M.J.

**Exhibit A —**
**Subject Properties and Owners**

*Conventus, LLC v. Levine, et al.*
Civil Action No. 19-cv-18137-MCA-LDW

| Property Address | Property Owner |
|---|---|
| 232 Midland Avenue<br>Garfield, New Jersey 07026 | Garfield Ventures LLC |
| 1086A, 1088 & 1090 Avenue C<br>Bayonne, New Jersey 07002 | Englewood Norse LLC |
| 337-343 Franklin Avenue<br>Nutley, New Jersey 07110 | Nutley Norse LLC |
| 84-86 Chestnut Street<br>West Orange, New Jersey 07052 | West Orange Ventures LLC |
| 1055 Avenue C<br>Bayonne, New Jersey 07002 | Sussex Ventures LLC |
| 126 Center Street<br>Clifton, New Jersey 07011 | Clifton 126 Center LLC |
| 48 West 54th Street<br>Bayonne, New Jersey 07002 | Bayonne REO Ventures LLC |
| 90 West 20th Street<br>Bayonne, New Jersey 07002 | Bayonne Ventures LLC |
| 418 Avenue C<br>Bayonne, New Jersey 07002 | Passaic REO Ventures LLC |
| 476 Bloy Street & Leo Street<br>Hillside, New Jersey 07205 | Hillside REO Ventures LLC |
| 61 Midland Avenue<br>Garfield, New Jersey 07026 | Garfield RE Ventures LLC |
| 217-219 Hillside Avenue<br>Hillside, New Jersey 07205 | 219 Hillside Ventures LLC |
| 249 Main Avenue<br>Passaic, New Jersey 07055 | Passaic Main Norse LLC |

| Property Address | Property Owner |
| --- | --- |
| 143 Catherine Street<br>Elizabeth, New Jersey 07201 | Elizabeth Catherine Ventures LLC |
| 1041 Louisa Street<br>Elizabeth, New Jersey 07201 | Elizabeth Louisa Ventures LLC |
| 531 Beardsley Avenue<br>Bloomfield, New Jersey 07003 | LL REO Ventures LLC |
| 1586-90 Maple Avenue<br>Hillside, New Jersey 07205 | Hillside Norse LLC |
| 499 Amboy Avenue<br>Perth Amboy, New Jersey 08861 | Plainfield PA Ventures LLC |