*Wilmington Sav. Fund Soc., FSB v. Levine, et al.*
**Civil Action No. 19-cv-18137-MCA-LDW**

**Legal Addendum to Monthly Reports**

Colliers International NJ LLC ("Colliers" or the "Receiver") was appointed to serve as the receiver for the 18 properties at issue in this action (together, the "Properties") identified below, pursuant to that Order entered by this Court on September 30, 2019 (ECF # 8) (the "Receiver Order"), as amended by that Order entered December 4, 2019 (ECF # 76) (the "Receiver Order").:

1. 232 Midland Avenue, Garfield, NJ 07026;
2. 1086A, 1088 and 1090 Avenue C, Bayonne, NJ 07002;
3. 337-343 Franklin Avenue, Nutley, NJ 07110;
4. 84 – 86 Chestnut Street, West Orange, NJ 07052;
5. 1055 Avenue C, Bayonne, NJ 07002;
6. 126 Center Street, Clifton, NJ 07011;
7. 48 West 54th Street, Bayonne, NJ 07002;
8. 90 West 20th Street, Bayonne, NJ 07002;
9. 418 Avenue C, Bayonne, NJ 07002;
10. 476 Bloy Street & Leo Street, Hillside, NJ 07205;
11. 61 Midland Avenue, Garfield, NJ 07026;
12. 217-219 Hillside Avenue, Hillside, NJ 07205;
13. 249 Main Avenue, Passaic, NJ 07055;
14. 143 Catherine Street, Elizabeth, NJ 07201;
15. 1041 Louisa Street, Elizabeth, NJ 07201;
16. 531 Beardsley Avenue, Bloomfield, NJ 07003;
17. 1586-90 Maple Avenue, Hillside, NJ 07205; and
18. 499 Amboy Avenue, Perth Amboy, NJ 08861.

Sills Cummis & Gross P.C. ("Sills Cummis") was subsequently approved to serve as counsel for the Receiver, to assist with the performance of those duties described in the Receiver Order, by further Order of this Court entered on October 10, 2019 (ECF # 11).

Upon their appointments, the Receiver and subsequently Sills Cummis were immediately confronted with a multitude of emergent issues that required immediate actions to protect and preserve the Properties, and to achieve a habitable environment for the residential and other tenants that continue to occupy them notwithstanding the borrower defendants' wholesale – and admitted – abandonment of their management responsibilities. This included addressing unpaid utility bills, insect and rodent infestations, notices to vacate Properties issued by New Jersey Department of Community Affairs ("DCA"), hundreds of health, safety, and fire code violations and fines, and a deluge of tenant complaints. The Receiver and Sills Cummis were immediately (and continue to be) inundated with calls, e-mails, and various other correspondence from tenants, their legal representatives, state and local officials, and the borrower defendants' unsatisfied creditors, all looking for the Receiver to immediately address innumerable issues arising from the borrower defendants' actions (and inaction). By way of example only, since its appointment as the Receiver's counsel in this matter, Sills Cummis has

provided the following legal assistance and services to the Receiver with respect to the Properties:

(1) Engage and interface with an electronic data vendor to image, convert, and extract electronic data maintained by the Levine Defendants to obtain information necessary for the Receiver to effectively manage these Properties;

(2) Undertake to compel the borrower defendants' compliance with the Receiver Order, including the transfer of funds, security deposits and financial information necessary to administer, manage and market the Properties;

(3) Prepare notices to tenants of the Properties concerning Colliers' appointment as Receiver and related transition in management;

(4) Communicate with Plaintiff, Plaintiff's counsel, and Plaintiff's loan servicer concerning the status of the Properties and the receivership;

(5) Communicate with the New Jersey Department of Community Affairs to address reported code violations at the Properties;

(6) Prepare applications for approval of the Receiver's counsel and the Receiver's compensation;

(7) Assist the Receiver in preparing and filing monthly status reports and inventories for the Properties;

(8) Assist the Receiver with its reporting obligations under the Receiver Order for each of the Properties;

(9) Prepare an Amended Receiver Order and related application for entry, including extensive communications with interested parties to address proposed modifications and additions;

(10) Investigate and communicate with taxing officials concerning a potential tax sale certificate for 337-343 Franklin Avenue, Nutley, NJ;

(11) Interface with municipal agencies to address building and health code violations reported at 232 Midland Avenue, Garfield, NJ;

(12) Correspond with the counsel for the parties and non-parties concerning efforts to market and sell certain Properties and the form of the sale procedures order;

(13) Assist the Receiver with registering the Properties with the New Jersey Department of Community Affairs, in accordance with the New Jersey Hotel and Multiple Dwelling Law, *N.J.S.A.* § 55:13A-1, et seq.;

(14) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 337-341 Franklin Avenue, Nutley, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(15) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 531 Beardsley Avenue, Bloomfield, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(16) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 476 Bloy Street, Hillside, Nutley, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(17) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 217-219 Hillside Avenue, Hillside New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(18) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 1586-1590 Maple Avenue, Hillside, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(19) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 84-86 Chestnut Street, West Orange, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(20) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 143 Catherine Street, Elizabeth, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(21) Assist the Receiver in commissioning emergent contracting services to stabilize and repair a bowing roof, and implement certain curative and protective measures, at 90 West 20th Street, Bayonne, New Jersey;

(22) Appear at Garfield Municipal Court concerning fire and building code violations for 232 Midland Avenue, and 61 Midland Avenue;

(23) Appear at municipal court for hearings and trials on building, health code, fire code, and other health and safety violations at the properties;

(24) Communicate with Plaintiffs' representatives concerning receivership issues;

   (25) Address tenant inquiries and advise Receiver concerning security deposit issues; and

   (26) Address COVID-19 related legal and receivership issues.

   The foregoing constitutes a representative summary of the legal services and assistance that Sills Cummis has provided the Receiver since its appointment, and continues to provide each day. The foregoing is not intended to be comprehensive or complete. Sills Cummis anticipates that it will be necessary to continue to provide these and other similar services going forward to address issues such as these, as well as any new issues that may arise.